UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SNUGGLYCAT INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. ____ |
| RUTLEDGE & BAPST, INC. and | ) | |
| RONALD STEBLEA | ) | DATED: MARCH 30, 2017 |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SnugglyCat Inc. alleges as follows:

## PARTIES

1.  Plaintiff SnugglyCat Inc. ("SnugglyCat") is a New York corporation with its principal

place of business in Gilboa, New York.  Fred Ruckel and Natasha Ruckel are the owners of

SnugglyCat.

2.  Defendant Rutledge & Bapst, Inc. ("Rutledge & Bapst") is a Connecticut corporation

with its principal place of business at 5 Chelsea Drive, Danbury CT 06811.

3.  Defendant Ronald Steblea ("Steblea") is a citizen of Connecticut who presently resides at

5 Chelsea Drive, Danbury CT 06811.  Steblea is the president and director of Rutledge & Bapst.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction because this action arises under the Trademark Act of 1946,

as amended, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), and jurisdiction is specifically

conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court further

has jurisdiction because this is an action between citizens of different states in which the value of

the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of

1

interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.  Jurisdiction

for the Connecticut state statutory and common law claims is conferred in accordance with the

principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.   Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is

also proper under 28 U.S.C. § 1391(b)(1) as Defendants reside in and are subject to jurisdiction

in this district.

## FACTS

SnugglyCat and the Ripple Rug® Mark

6.   Fred Ruckel and Natasha Ruckel are the owner of SnugglyCat.  Fred Ruckel ("Ruckel")

is the inventor of a product designed to provide entertainment and enrichment for cats that is sold

and marketed under the Ripple Rug® mark.

7.   The Ripple Rug® consists of two pieces of carpet: a bottom half lined with a thermally

insulating non-slip gel-coating and a top half that permits a cat to "ripple" the rug, with holes that

allow a cat to hide in. The Ripple Rug® product is depicted below:



8.   SnugglyCat launched the Ripple Rug® in September of 2015 to great fanfare, selling it online and on QVC, an online shopping network.  It has been featured on The TODAY Show and has won numerous awards for its unique design.

9.   SnugglyCat is the owner of an active federal trademark registration for the Ripple Rug® with the United States Patent and Trademark Office, Registration Number 4912510, Registration Date March 8, 2016.

10. SnugglyCat has continuously used and advertised the Ripple Rug® Mark throughout the United States.

11. SnugglyCat's Ripple Rug® Mark distinguishes its product from similar products and is widely known and recognized by consumers.

12. SnugglyCat sells the Ripple Rug® through a variety of on-line platforms, including its own websites ripplerug.com and snugglycat.com, as well as Amazon.com and eBay marketplaces.

13. SnugglyCat sells the Ripple Rug® throughout the United States and internationally, online and in-stores.

14. For the first 9 months of 2016, prior to the conduct of the Defendants explained herein, the Ripple Rug® was the No. 1 Best Seller on Amazon.com in the "Cat Bed Mats" category, achieving sales in excess of $500,000 on Amazon.com alone.

15. SnugglyCat has spent substantial sums of money developing and marketing the Ripple Rug®.

16. SnugglyCat and the Ruckels have prioritized developing a high-quality, US-made product that is fun for cats and convenient for their owners using recycled materials.

Defendants' Scheme to Market The Ripple Rug® As Their Own Product

17. Steblea is the director of Rutledge & Bapst.  Upon information and belief, the

Defendants' business focuses on the Direct Response ("DRTV") marketing industry.

18. Before founding Rutledge & Bapst, Steblea spent years working in the DRTV industry

for the company Allstar Marketing Group, LLC, which recently settled charges with the New

York Attorney General and the Federal Trade Commission for its deceptive marketing practices.

19.  Defendants devised a scheme to wrongfully profit from the success of the Ripple Rug®.

20. Defendants did so knowingly, maliciously, intentionally, and/or with reckless

indifference to SnugglyCat's rights.

21. Steblea authorized, directed or participated directly in Rutledge & Bapst's actions as

alleged herein.

22. Defendants worked with Opfer Communications, Inc. ("Opfer Communications"), a

Missouri company that works in video production and advertising, and Digital Target Marketing,

LLC, a Florida company that works in online direct response marketing, to create a nationwide

advertising campaign purporting to sell a competing product called the "Purr N' Play."

23. In reality, this was a bait-and-switch scheme.  Defendants, in conjunction with Opfer

Communications and Digital Target Marketing (their "Affiliates"), developed commercials, a

website, and a social media campaign that used the Ripple Rug® to sell the alleged Purr N' Play

product to consumers.

24. In conjunction with Opfer Communications, Defendants created a television infomercial

that purports to be for the Purr N' Play.  In reality, the product in the infomercial is actually the

Ripple Rug®.  During the infomercial, the Ripple Rug® mark is visible on the product being

advertised.  Additionally, the product is identical in every way to the Ripple Rug®.  A frame

from the infomercial is depicted below, with a magnified view.  The label in the frame contains

the Ripple Rug® Mark.



25. The infomercial also contains a "customer testimonial" by a woman who claims her cats

love the Purr N' Play.  The woman appearing in the infomercial is in fact an employee of Opfer

Communications and the producer of the video itself.

26. The Purr N' Play was also marketed through the website PurrNPlay.com.  The product

appearing on the Purr N' Play website is identical in every way to the Ripple Rug® product.

27. Defendants used the Purr N' Play website to entice consumers to place orders for a

product they believed was the Purr N' Play when the product being displayed as for sale is

actually the Ripple Rug®.

28.  The Purr N' Play was also marketed through multiple fraudulent review websites

offering false consumer validation of the non-existent Purr N' Play product.

29. Upon information and belief, Defendants in conjunction with their Affiliates further

enticed customers by purchasing Google ads to promote its false advertising.

30. On one occasion, when Ruckel searched for the Ripple Rug® on Google, he was

presented with the Purr N' Play offer above all other search results. The Google "adwords"

purported the offer of two Purr N' Play units for twenty dollars, or 75% off the retail cost of a

Ripple Rug®.

31. Defendants in conjunction with their Affiliates further enticed customers by sharing imagery on Facebook which had been digitally retouched to remove the Ripple Rug® logo. The original images are SnugglyCat's professional photography used in its own marketing campaigns.  The original and digitally retouched image are depicted below:



Original Image



Retouched Image

32. In January 2017, a representative of "The Bargain Show" an online shopping channel associated with Opfer Communications, emailed Ruckel and SnugglyCat saying "Our internal review team recently came across your product and believe it could be a great fit for our online shopping network, The Bargain Show." That representative followed up with Ruckel and SnugglyCat a second time to solicit Ruckel to advertise on "The Bargain Show."

33. Ruckel and SnugglyCat did not respond to these emails.

34. Shortly afterwards, the false and misleading infomercial using the Ripple Rug® to sell the alleged Purr N' Play product aired on national television.   Upon information and belief, the infomercial aired over 5,000 times.

35. Ruckel learned of the Purr N' Play advertisement in February 2017.  A friend notified him about the commercial on TV thinking that the Purr N' Play had something to do with Ruckel's SnugglyCat product.

36. Ruckel investigated and placed a test order for the Purr N' Play product through the PurrNPlay.com website.  The website forced Ruckel to purchase two alleged Purr N' Play rugs and included additional service charges.  Ruckel then received an email saying the product was on "back order." To date, he has not received any product. Credit card information had been collected as part of the transaction.

37. SnugglyCat and Ruckel sent cease and desist letters to Opfer Communications, Digital Target Marketing, and Defendants.

38. An attorney for Defendants responded that "Rutledge & Bapst has discontinued all efforts to manufacture, market and otherwise promote its PURR N PLAY™ product and all use of its direct response television commercial advertising that product."

39. However, the deceptive infomercial described above is still available online.

40. Defendants' use of this bait-and-switch scheme constitutes unfair competition with SnugglyCat and false advertising.

41. As a result of Defendants' aforementioned acts of unfair competition and false advertising, Defendants' customers and potential customers have been and/or are likely to be confused as to the source of Defendants' products and/or deceived as to the nature and characteristics of the products sold by Defendants.

42. Defendants' unfair competition in the form of its bait-and-switch tactics and its false advertising have caused and will continue to cause irreparable harm to SnugglyCat and the goodwill it owns in the Ripple Rug® mark.

### Defendants' Tortious Interference with SnugglyCat's Sales Through Amazon.com

43. Ruckel learned through communications with another small business owner that Defendants and their Affiliates have in the past been involved in selling "knock offs" of other business owners' products.

44. Ruckel also learned from the other small business owner that as a part of the knock-off scheme, immediately before the "knock off" product was offered for sale, an entity associated with Defendants contacted Amazon.com purporting to be a distributor of the original product. This had the result of interfering with the original business owner's Amazon.com's sales, by "freezing" the Amazon.com account.  As a result, the original business owner's sales dropped. Simultaneously, the knock off product was offered for sale.

45.  As discussed above, SnugglyCat maintained a listing for the Ripple Rug® through Amazon.com.  For months, the Ripple Rug® was a #1 best seller on Amazon.com.

46. Immediately prior to the launch of the Purr N' Play commercial and product, Amazon.com was contacted by an individual purporting to be a distributor of the Ripple Rug®.

Upon information and belief, Defendants and/or entities working in conjunction with them were responsible for this communication.

47. Defendants are not and have not been a distributor of the Ripple Rug®.  Pursuant to Amazon.com's policies and procedures, Amazon.com then took control over the listing.

48. The Ripple Rug®'s listing was "frozen" and SnugglyCat could no longer control it.

49. During the entire holiday period of 2016 SnugglyCat was 'locked out' of its Ripple Rug® listing due to this action taken by Defendants and/or entities working in conjunction with them.

50. As a result, SnugglyCat was unable to offer holiday sales promotions beginning early November on the Ripple Rug® product or take other actions to boost its sales during the holiday period of 2016 on its Amazon.com marketplace storefront.

51. Thereafter, SnugglyCat's sales of the Ripple Rug® dropped precipitously.

**COUNT I**
**(UNFAIR COMPETITION IN VIOLATION**
**OF SECTION 43(a) OF THE LANHAM ACT)**

52. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Defendants' aforesaid use of the SnugglyCat Ripple Rug® Mark in connection with the sale of the Purr N' Play product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with SnugglyCat, or as to the origin, sponsorship, or approval of Defendants' goods, in that purchasers are likely to believe that Plaintiff authorizes or controls the sale, offering, or provision of Defendants' goods, or that Defendants are associated with or authorized by Plaintiff to sell, offer, or provide those goods.

54. Defendants' actions, thus, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' actions were intentional and willful.

55. Defendants' acts greatly and irreparably damage SnugglyCat and will continue to so damage SnugglyCat unless restrained by this Court; wherefore, SnugglyCat is without an adequate remedy at law.

56. Accordingly, SnugglyCat is entitled to, in addition to monetary relief, an order permanently enjoining and restraining Defendants from using the Ripple Rug® Mark in connection with their products, costs and attorneys' fees.

**COUNT II**
**(FALSE ADVERTISING IN VIOLATION**
**OF SECTION 43(a) OF THE LANHAM ACT)**

57. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

58. Defendants falsely advertise the cat entertainment product in their marketing campaign known as the Purr N' Play when in reality the product in Defendants' advertisements is SnugglyCat's Ripple Rug® product.  Defendants' actions were intentional and willful.

59. Defendants' claims have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers.

60. The resulting deception caused by the Defendants' claim is material, in that the Defendants' claim is likely to influence the purchasing decision of purchasers of such cat entertainment products.

61. Such commercial advertising by Defendants constitutes a false and/or misleading statement of fact that misrepresents the nature, qualities, and characteristics of their products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. Defendants' acts greatly and irreparably damage SnugglyCat and will continue to so damage SnugglyCat unless restrained by this Court; wherefore, SnugglyCat is without an adequate remedy at law.

63. Accordingly, SnugglyCat is entitled to, in addition to monetary relief, an order permanently enjoining and restraining Defendants from using the Ripple Rug® Mark in connection with the advertising and sale of its products, or from falsely advertising such products, costs and attorneys' fees.

## COUNT III
## (VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, UNFAIR ACTS OR PRACTICES)

64. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. At all times relevant herein, the Defendants have been engaged in the trade or commerce of advertising for sale, the offering for sale or the sale of products, including the Purr N' Play product, to consumers in the State of Connecticut.

66. By virtue of the activities described in this Complaint, the conduct of Defendants constitutes an unfair act or practice within the meaning of Conn. Gen. Stat. 42-110b(a) in the conduct of the trade or commerce as alleged herein in that said conduct violates public policy, is immoral, unethical or unscrupulous and is substantially injurious to consumers and the Plaintiff.

67. The conduct of the Defendants as alleged herein caused the Plaintiff substantial injury which could not have been reasonably avoided and is not outweighed by any countervailing benefit to consumers and the Plaintiff.

68. As a result of the conduct of Defendants as alleged herein, SnugglyCat has suffered an ascertainable loss of money or property within the meaning of Conn. Gen. Stat. 42-110g(a).

69. Defendants' acts greatly and irreparably damage SnugglyCat and will continue to so damage SnugglyCat unless restrained by this Court; wherefore, SnugglyCat is without an adequate remedy at law.

70. Defendants have acted with reckless indifference to SnugglyCat's rights and/or an intentional and wanton violation of those rights.

71. Accordingly, SnugglyCat is entitled to, in addition to monetary relief, an order permanently enjoining and restraining Defendants from using the Ripple Rug® Mark in connection with its products, or from falsely advertising such products, punitive damages, costs and attorneys' fees.

72. In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is being e-mailed to the Attorney General of the State of Connecticut and the Connecticut Commissioner of Consumer Protection to the address cutpa@ct.gov.

**COUNT IV**
**(VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,**
**DECEPTIVE ACTS OR PRACTICES)**

73. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. At all times relevant herein, the Defendants have been engaged in the trade or commerce of advertising for sale, the offering for sale or the sale of products, including the Purr N'Play, to consumers in the State of Connecticut.

75. By virtue of the activities described in this Complaint, the conduct of Defendants constitutes a deceptive act or practice within the meaning of Conn. Gen. Stat. 42-110b(a), in the conduct of trade or commerce as alleged herein in that said conduct constitutes a material

misrepresentation or omission likely to mislead a consumer acting reasonably under the circumstances.

76.  As a result of the conduct of Defendants alleged herein, SnugglyCat has suffered an ascertainable loss of money or property within the meaning of Conn. Gen. Stat. 42-110g(a).

77. Defendant's acts greatly and irreparably damage SnugglyCat and will continue to so damage SnugglyCat unless restrained by this Court; wherefore, SnugglyCat is without an adequate remedy at law.

78. Defendants have acted with reckless indifference to SnugglyCat's rights and/or an intentional and wanton violation of those rights.

79. Accordingly, SnugglyCat is entitled to, in addition to monetary relief, an order permanently enjoining and restraining Defendants from using the Ripple Rug® Mark in connection with its products, or from falsely advertising such products, punitive damages, costs and attorneys' fees.

80. In compliance with Conn. Gen. Stat. § 42-110g(c), a copy of this Complaint is being mailed to the Attorney General of the State of Connecticut and the Connecticut Commissioner of Consumer Protection to the address cutpa@ct.gov.

## COUNT V
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACUTAL RELATIONSHIP IN <u>VIOLATION OF CONNECTICUT LAW</u>)

81. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

82. SnugglyCat had a contractual and/or beneficial relationship with Amazon.com which remained in force during all relevant time periods.

83. Defendants knew, or were aware of facts that would lead a reasonable person to believe, that a beneficial/contractual relationship existed between SnugglyCat and Amazon.com.

84. Defendants tortiously interfered with that relationship/contract by contacting Amazon.com and claiming to be a distributor of the Ripple Rug® product.

85. Defendants have never been a distributor of the Ripple Rug® product.

86. Upon information and belief, Defendants targeted SnugglyCat's listing for the Ripple Rug® on Amazon.com in order to gain an unfair competitive advantage over SnugglyCat.

87. This interference was *per se* wrongful and maliciously continued.

88. By its conduct, Defendants have tortiously interfered with SnugglyCat's valid and enforceable contract rights/beneficial relationship.

89. Defendants' acts greatly and irreparably damage SnugglyCat and will continue to so damage SnugglyCat unless restrained by this Court; wherefore, SnugglyCat is without an adequate remedy at law.  Accordingly, SnugglyCat is entitled to, in addition to monetary relief, an order permanently enjoining and restraining Defendants from interfering with SnugglyCat's contractual/beneficial relationship with Amazon.com.

## PRAYER FOR RELIEF

WHEREFORE, SnugglyCat prays for judgment:

1.      Defendants, their officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendants who receive notice hereof, including but not limited to all subsidiaries, affiliates, and licensees of Defendants, be permanently enjoined from:

      a.   directly or indirectly engaging in unfair competition involving the Ripple Rug® Mark, and specifically:

    i.    using the Ripple Rug® Mark, or any reproduction, counterfeit, copy, or colorable imitation of the Ripple Rug® Mark, in connection with the offering, promotion, marketing, or sale of Defendants' Purr N' Play product or any similar product;

    ii.    applying the Ripple Rug® Mark, or any reproduction, counterfeit, copy, or colorable imitation of the Ripple Rug® Mark, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, sale, and/or offering for sale of Defendants' Purr N' Play products or any similar product;

b.  engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendants or any of Defendants' products are sponsored, approved, or licensed by SnugglyCat, or are in some way connected or affiliated with the Ripple Rug® Mark;

c.  affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of Defendants' Purr N' Play product or similar products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services;

d.  tortiously interfering with SnugglyCat's contractual/beneficial relations with Amazon.com; and

e.  destroying or otherwise disposing of evidence until final determination of

this action, including:

    i.    any products offered for sale in connection with the Purr N' Play marketing campaign;

    ii.    any promotional or advertising materials, packaging labels, website versions relating to the Purr N' Play product; and

    iii.    any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents concerning the promotion, sale or offering for sale of the Purr N' Play product, or any other products sold or offered in connection with that product.

2.    Defendants, and all others holding by, through, or under Defendants, be required, jointly and severally, to:

    a.    account for and pay over to SnugglyCat all profits derived by Defendants from their acts of unfair competition and false advertising, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

    b.    pay to SnugglyCat the amount of all damages incurred by SnugglyCat by reason of Defendants' acts of unfair competition and false advertising, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

    c.    pay to SnugglyCat the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

    d.    pay to SnugglyCat actual damages, punitive damages, costs, and attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g(a);

e.   pay to SnugglyCat its actual damages, punitive damages, costs, and attorneys'

     fees incurred as a result of Defendants' tortious interference with

     SnugglyCat's contractual relationships;

f.   pay to SnugglyCat the amount necessary for SnugglyCat to fulfill the orders

     placed by customers who ordered the Purr N' Play via the website or phone in

     number; and

g.   for an order requiring Defendants to correct the erroneous impression

     consumers have derived concerning the nature, characteristics or qualities of

     the Purr N'Play product, including, without limitation, the placement of

     corrective advertising and providing written notice to the public;

h.   for prejudgment and post judgment interest; and

i.   for SnugglyCat to have such other and further relief as the Court deems just

     and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff SnugglyCat hereby demands a trial by jury on all issues and claims so triable.

Dated:  March 30, 2017
        New Haven, Connecticut

WIGGIN AND DANA LLP

By:  */s/ Ivana D. Greco*

Michael J. Kasdan (*Pro Hac Vice* pending)
450 Lexington Avenue, 38th Floor
New York, New York 10017
Tel: (212) 490-1700
Fax: (212) 490-0563
mkasdan@wiggin.com

Ivana D. Greco (Ct29635)
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, Connecticut 06508
Tel: (203) 498-4400
Fax: (203) 782-2889
igreco@wiggin.com

*Attorneys for Plaintiff SnugglyCat Inc.*

26405\1\3655930.v1