UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SNUGGLYCAT INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 3:17-cv-00526-SRU |
| RUTLEDGE & BAPST, INC. and | ) |
| RONALD STEBLEA, | ) |
| | ) |
| Defendants. | ) April 26, 2017 |
| | ) |

## ANSWER OF DEFENDANTS

Defendants Rutledge & Bapst, Inc. ("Rutledge & Bapst") and Ronald Steblea ("Steblea") (collectively, "Defendants"), by and through their undersigned counsel, answer Plaintiff's Complaint as follows:

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore deny the allegations.

2.      Admitted.

3.      Admitted.

4.      The allegations of Paragraph 4 are conclusions of law to which no response is required.

5.      The allegations of Paragraph 5 are conclusions of law to which no response is required.

6.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore deny the allegations.

7.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore deny the allegations.

8.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore deny the allegations.

9.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore deny the allegations. Whether or not the trademark is active is a conclusion of law to which no response is required.

10.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore deny the allegations.

11.      The allegations of Paragraph 11 are conclusions of law to which no response is required.

12.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny the allegations.

13.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore deny the allegations.

14.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore deny the allegations.

15.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore deny the allegations.

16.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore deny the allegations.

17.     Admitted.

18.     Admitted that Steblea worked for a company named Allstar Marketing Group, LLC until some time in 2012. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 about Allstar Marketing Group, LLC, and

therefore deny the allegations. Steblea further denies the implication that he participated in deceptive marketing practices while employed at Allstar Marketing Group, LLC.

19.     Denied.

20.     Denied.

21.     Denied. By way of further response, Plaintiff has not pleaded any specific facts supporting that Steblea engaged in any of the conduct alleged in the Complaint.

22.     Denied as stated. By way of further response, Rutledge & Bapst collaborated with Opfer Communications, Inc. ("Opfer") and Digital Target Marketing, LLC ("DTM") to test a television marketing campaign for a potential new product called the Purr N' Play. The television test lasted approximately 9 days in February 2017. No units of product were sold during or as a result of that test, and the test was discontinued in February 2017.

23.     Denied. By way of further response, Defendants incorporate their response to Paragraph 22 as if fully set forth herein. Defendants deny Plaintiff's characterizations of the test marketing as a "bait-and-switch scheme" and of Opfer and DTM as their "affiliates."

24.     Denied. By way of further response, Defendants incorporate by reference their response to Paragraph 22 as if fully set forth herein. Rutledge & Bapst and Steblea did not produce the Purr N' Play test commercial. In producing the test commercial, several similar products were selected to show, one of which was the Ripple Rug.

25.     Denied as stated. By way of further response, Rutledge & Bapst and Steblea did not produce the Purr N' Play test commercial, nor did they identify or select persons to provide testimonials in the commercial.

26.     Admitted that Purr N' Play was test marketed on a website, PurrNPlay.com, and that the Purr N' Play product was similar to the Ripple Rug product.

27.     Denied. By way of further response, Defendants incorporate by reference their response to Paragraph 26. No units of the Purr N' Play were ever sold.

28.     Denied. By way of further response, Defendants deny that they marketed Purr N' Play through any websites other than the test website PurrNPlay.com and deny that they were involved in any way with "fraudulent review websites offering false consumer validation of the non-existent Purr N' Play product." Plaintiff has not pleaded any specific facts showing that Steblea took any action with respect to the PurrNPlay.com website.

29.     Denied. By way of further response, as part of its test marketing campaign, in February 2017, when the Purr N' Play commercial briefly aired on television, Rutledge & Bapst purchased limited Google advertising for the Purr N' Play. Defendants did not engage in any false advertising. Plaintiff has not pleaded any specific facts showing that Steblea took any action with respect to Google advertising.

30.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore deny the allegations. By way of further response, when it purchased advertising on Google, Rutledge & Bapst did not purchase the term Ripple Rug.

31.     Defendants are without knowledge regarding the individual who shared the image cited, but deny that they shared such images or had any involvement with directing that it be done.

32.     Admitted.

33.     Denied. Ruckel and SnugglyCat did in fact respond to those emails in a phone call.

34.     Denied. By way of further response, Rutledge & Bapst purchased limited airings for the test commercial, which was shown on television 37 times in mid-February 2017 and not at any other time.

35.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore deny the allegations.

36.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore deny the allegations. By way of further response, no orders were ever filled related to the Purr N' Play.

37.     Admitted only that Defendants received a cease and desist letter from Plaintiff's attorneys, dated February 21, 2017 (the "Cease and Desist Letter"). Counsel for Rutledge & Bapst responded by letter dated February 23, 2017, and informed Plaintiff that the Purr N' Play test already had been terminated. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and therefore deny the allegations.

38.     Admitted that on February 23, 2017, counsel for Rutledge & Bapst responded to the Cease and Desist Letter. That response is a writing, which speaks for itself. Therefore no response is required to the remaining allegations of Paragraph 38.

39.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore deny the allegations. By way of further response, Rutledge & Bapst terminated all efforts at test marketing the Purr N' Play and directed that any online presence within its control be removed. To the extent that any versions of the Purr N' Play test commercial are still available online, Defendants are without knowledge of the entity or entities in control of that content and have no involvement with them.

40.     The allegations of Paragraph 40 are conclusions of law, to which no response is required. By way of further response, Defendants deny Plaintiff's characterization of the test marketing campaign as a "bait-and-switch" scheme.

41.     The allegations of Paragraph 41 are conclusions of law, to which no response is required. By way of further response, Defendants are unaware of any instances in which consumers contacted Defendants or any third parties involved in the test marketing campaign to express confusion about possible affiliation with SnugglyCat and the Ripple Rug, or otherwise demonstrated confusion related to the test marketing campaign.

42.     The allegations of Paragraph 42 are conclusions of law to which no response is required. By way of further response, Defendants deny Plaintiff's characterization of the test marketing campaign as a "bait-and-switch" scheme.

43.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore deny the allegations.

44.     Denied. By way of further response, Rutledge & Bapst did not offer the Purr N' Play for sale on Amazon.com, nor does Rutledge & Bapst use Amazon.com in its test marketing. Defendants deny that they or anyone "associated with Defendants" contacted Amazon.com purporting to be a distributor of Ripple Rug. Defendants further deny taking any actions to interfere with Ripple Rug's sales on Amazon.com.

45.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore deny the allegations.

46.     Defendants incorporate their response to Paragraph 44 as if fully set forth herein. Defendants did not contact nor did they direct anyone to contact Amazon.com to purport to be a distributor of the Ripple Rug.

6

47.     Admitted that Defendants are not and have not been distributors of the Ripple Rug. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and therefore deny the allegations.

48.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore deny the allegations.

49.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore deny the allegations. By way of further response, Defendants deny that they took any action to cause SnugglyCat's Ripple Rug Amazon.com listing to be "frozen." Further, Defendants did not begin test marketing Purr N' Play on television until February 2017, well after the "entire holiday period of 2016."

50.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore deny the allegations.

51.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore deny the allegations.

52.     The responses to Paragraphs 1-51 are incorporated by reference as if fully set forth herein.

53.     The allegations of Paragraph 53 are conclusions of law to which no response is required.

54.     The allegations of Paragraph 54 are conclusions of law to which no response is required.

55.     The allegations of Paragraph 55 are conclusions of law to which no response is required.

56.     The allegations of Paragraph 56 are conclusions of law to which no response is required.

57.     Defendants incorporate by reference its responses to Paragraphs 1-56 as if fully set forth herein.

58.     The allegations of Paragraph 58 are conclusions of law to which no response is required. If a response is deemed to be required, the allegations of Paragraph 58 are denied

59.     The allegations of Paragraph 59 are conclusions of law to which no response is required. If a response is deemed to be required, the allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are conclusions of law to which no response is required. If a response is deemed to be required, the allegations of Paragraph 60 are denied.

61.     The allegations of Paragraph 61 are conclusions of law to which no response is required.

62.     The allegations of Paragraph 62 are conclusions of law to which no response is required. If a response is deemed to be required, the allegations of Paragraph 62 are denied.

63.     The allegations of Paragraph 63 are conclusions of law to which no response is required.

64.     Defendants incorporate by reference their responses to Paragraphs 1-63 as if fully set forth herein.

65.     The allegations of Paragraph 65 are conclusions of law to which no response is required.

66.     The allegations of Paragraph 66 are conclusions of law to which no response is required.

67.     The allegations of Paragraph 67 are conclusions of law to which no response is required.

68.     The allegations of Paragraph 68 are conclusions of law to which no response is required.

69.     The allegations of Paragraph 69 are conclusions of law to which no response is required.

70.     The allegations of Paragraph 70 are conclusions of law to which no response is required.

71.     The allegations of Paragraph 71 are conclusions of law to which no response is required.

72.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 72 and therefore deny the allegations.

73.     Defendants incorporate by reference their Responses to Paragraphs 1-72 as if fully set forth herein.

74.     The allegations of Paragraph 74 are conclusions of law to which no response is required. If a response is deemed to be required, the allegations of Paragraph 74 are denied.

75.     The allegations of Paragraph 75 are conclusions of law to which no response is required.

76.     The allegations of Paragraph 76 are conclusions of law to which no response is required.

77.     The allegations of Paragraph 77 are conclusions of law to which no response is required.

78.     The allegations of Paragraph 78 are conclusions of law to which no response is required.

79.     The allegations of Paragraph 79 are conclusions of law to which no response is required.

80.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore deny the allegations.

81.     Defendants incorporate by reference their responses to Paragraphs 1-80 as if fully set forth herein.

82.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and therefore deny the allegations.

83.     Denied.

84.     The allegations of Paragraph 84 are conclusions of law to which no response is required. By way of further response, Defendants did not contact Amazon.com and claim to be a distributor of the Ripple Rug.

85.     Admitted.

86.     Denied.

87.     The allegations of Paragraph 87 are conclusions of law to which no response is required.

88.     The allegations of Paragraph 88 are conclusions of law to which no response is required.

89.     The allegations of Paragraph 89 are conclusions of law to which no response is required.

WHEREFORE, Defendants Rutledge & Bapst, Inc. and Ronald Steblea request that the Court enter judgment in their favor and against plaintiff, and grant such other and further relief that is just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim for which relief may be granted under the Lanham Act, including because

    a.   Plaintiff cannot show that there was a likelihood of confusion;

    b.   Plaintiff cannot show that the allegedly false or misleading representation involved an inherent or material quality of the product; and

    c.   Plaintiff cannot show that it was damaged as a result of any allegedly unfair practices or false advertising.

2.    Plaintiff's Complaint fails to state a claim for which relief may be granted under the Connecticut Unfair Trade Practices Act ("CUTPA"), including because

    a.   Plaintiff has suffered no ascertainable loss;

    b.   if Plaintiff did suffer a loss, it was not caused by Defendant's conduct;

    c.   Defendant's conduct was not unfair under the CUTPA;

    d.   Defendant's conduct was not deceptive under the CUTPA.

3.    Plaintiff's Complaint fails to state a claim for tortious interference with business relationships for which relief may be granted.

4.    Plaintiff's Complaint fails to state a claim against Defendant Steblea in his individual capacity, including because

    a.   Plaintiff has failed to plead any specific facts to support that Steblea engaged in any of the conduct alleged;

11

    b.  To the extent that Steblea had any involvement in the conduct alleged, it was solely in his corporate capacity and not in his individual capacity; and

    c.  Plaintiff has pleaded no facts supporting Steblea's liability for the actions of Rutledge & Bapst.

5.    Plaintiff failed to mitigate its damages.

6.    The Ripple Rug mark has not been in use for 5 consecutive years since the date of registration and is therefore not incontestable.

7.    The Ripple Rug product is not protected by patent or copyright law.

8.    Plaintiff has suffered no damages as a result of Defendant's conduct.

9.    Plaintiff's damages, if any are the result of actions and omissions of third persons over whom Defendants exercise no control.

10.    Defendants hereby reserve any and all additional or further defenses or counterclaims as may be revealed by subsequent information that may be acquired in discovery or otherwise.

DEFENDANTS
RUTLEDGE & BAPST, INC. and RONALD STEBLEA,

*/s/  Glenn M. Cunningham*
Glenn M. Cunningham
Fed. Bar. No. ct09995
SHIPMAN AND GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103-1919
(860) 251-5000
Fax: (860) 251-5099
gcunningham@goodwin.com

Michael K. Coran, Esq.*
Monica Clarke Platt, Esq.*
KLEHR HARRISON HARVEY

12

BRANZBURG, LLP
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 569-2497
Fax: (215) 568-6603
mcoran@klehr.com; mplatt@klehr.com
*pro hac vice* motions forthcoming
*Attorneys for Defendants, Rutledge & Bapst,*
*Inc. and Ronald Steblea*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017 a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the following counsel of record by the Court's CM/ECF electronic filing system:

Ivana D. Greco
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
PO Box 1832
New Haven, CT 06508
(203) 498-4400
Fax: (203) 782-2889
igreco@wiggin.com

Michael J. Kasdan
Wiggin & Dana, LLP - NY
405 Lexington Ave., 38th Floor
New York, NY 10017-3913
212-490-1700
212-490-0536 (fax)
mkasdan@wiggin.com

*Attorneys for Plaintiff, SnugglyCat, Inc.*

/s/  Glenn M. Cunningham
Glenn M. Cunningham

5609693v1

14